IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PABLO J. MARTINEZ-BARREN,** | : | **CIVIL ACTION NO. 1:06-CV-0661** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **INGRAM MICRO, INC.,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 21st day of February, 2007, upon consideration of defendant's motion for sanctions (Doc. 33)[1] for plaintiff's failure to respond to discovery requests,[2] see FED. R. CIV. P. 37, and it appearing that defendant has not filed a motion to compel before seeking sanctions,[3] see id. 37(a)(2)(B) (providing that if a party fails to produce the requested documents, "the discovering party may move for an order compelling" the production of the documents); see also

---

[1] The motion indicates that a certificate of concurrence/nonconcurrence is not required because plaintiff is *pro se*. (See Doc. 33 ¶ 22.) However, Local Rule 7.1 states that "[n]o concurrence need be sought in *pro se* prisoner cases." L.R. 7.1 (emphasis added).

[2] The discovery requests include interrogatories, request for production of documents, and request for admissions. (See Doc. 33 ¶¶ 5-6, 13.)

[3] The court notes that defendant acknowledged that it was seeking sanctions without filing a motion to compel, arguing that an order compelling discovery "would be a useless exercise as [p]laintiff has failed to respond" to numerous requests of counsel for defendant and a prior order of court. (Doc. 33 ¶ 21.) In an abundance of caution, however, the court will construe the instant motion as a motion to compel and direct plaintiff to respond to defendant's discovery requests. This ruling is without prejudice to defendant's right to file a subsequent motion for sanctions if plaintiff fails to comply with this order.

McMullen v. Bay Ship Mgmt., 335 F.3d 215, 217 (3d Cir. 2003) ("Generally, [Rule 37] requires the issuance of an order to compel and only after failure to comply with that order should a penalty be imposed."), and that under the current pretrial and trial schedule dispositive motions were due on February 15, 2007 (see Doc. 23), it is hereby ORDERED that:

1. The motion for sanctions (Doc. 33) is CONSTRUED as a motion to compel and is GRANTED as so construed.

2. On or before March 12, 2007, plaintiff shall respond to defendant's interrogatories, request for production of documents, and request for admissions.

3. Failure to comply with this order shall result in the imposition of sanctions, which may include the dismissal of this case. See FED. R. CIV. P. 37, 41(b); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

4. The pretrial and trial schedule in the above-captioned matter is STAYED pending plaintiff's responses to defendant's discovery requests.

5. If necessary, a revised pretrial and trial schedule shall issue by future order of court.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge