IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PABLO J. MARTINEZ-BARREN,** | : | CIVIL ACTION NO. 1:06-CV-0661 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| | : | |
| **INGRAM MICRO, INC.,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 12th day of April, 2007, upon consideration of defendant's motion for sanctions (Doc. 35), arguing that the sanction of dismissal is appropriate for *pro se* plaintiff's continued failure to respond to discovery requests, and of the order of court dated February 21, 2007 (Doc. 34), advising plaintiff that such failure to respond "may result in the imposition of sanctions, including . . . dismissal of the case," see FED. R. CIV. P. 37(b)(2)(c) ("If a party . . . fails to obey an order to provide or permit discovery, the court . . . may . . . dismiss[] the action . . . ."); id. 41(b); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss as a sanction),[1] and the court finding that plaintiff was advised of the necessity of responding to defendant's discovery requests and is personally responsible for failing to do so, see id. (identifying "extent of the party's personal responsibility" as a factor); see also Divito v. C.M.S. Dep't, No. Civ. 05-0438, 2006 WL 756014, at *2 (D.N.J. Mar. 17, 2006) (stating that *pro*

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

*se* plaintiffs bear "sole responsibility" for their failure to "comply with discovery requests"), that plaintiff's conduct has prejudiced defendant by denying it an opportunity to prepare a defense to plaintiff's claims, see Poulis, 747 F.2d at 868 (identifying "[p]rejudice to the adversary" as a factor); see also Nelson v. Berbanier, Civ. A. No. 1:05-CV-1490, 2006 WL 2853968, at *1 (M.D. Pa. Oct. 4, 2006), that plaintiff's repeated refusal to respond to defendant's discovery requests or to otherwise communicate with defendant demonstrates a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as a factor), and that plaintiff's failure to comply with the order of court directing plaintiff to respond to defendant's discovery requests constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), it is hereby ORDERED that:

1. The motion for sanctions (Doc. 35) is GRANTED.

2. The above-captioned action is DISMISSED. See FED. R. CIV. P. 37(b)(2)(c); 41(b).

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge